IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHARLES HENRY ADAMS,           ) | |
|     Plaintiff,           ) | Civil Case No. 7:20-cv-00566 |
| v.           ) | |
|                ) | By: Elizabeth K. Dillon |
| OFFICER HICKS,           ) |     United States District Judge |
|     Defendant.           ) | |

**MEMORANDUM OPINION**

Charles Henry Adams, a Virginia inmate proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983, naming a single defendant: Officer Hicks. Adams originally filed his lawsuit in the United States District Court for the Eastern District of Virginia, and that court transferred it here. (Dkt. No. 2.)

Under 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See also* 28 U.S.C. § 1915(e)(2) (requiring court, in a case where plaintiff is proceeding *in forma pauperis*, to dismiss the case if it is frivolous or fails to state a claim on which relief may be granted). Pleadings of self-represented litigants are given a liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Applying these standards to Adams's complaint, the court concludes that it is subject to dismissal pursuant to § 1915A(b)(1). Furthermore, nothing about his allegations suggest that an opportunity to amend would cure the deficiencies in his complaint. Accordingly, the court will dismiss this action with prejudice.

I.   FACTUAL BACKGROUND

Adams's complaint alleges that on July 31, 2020, while he was incarcerated at Green Rock Correctional Center, he had an interaction with Officer Hicks.  According to Adams, he was respectful to Officer Hicks at all times, but Hicks ordered Adams to return to his cell and then called him a "Jackass and a Nigga."  (Compl. 4, Dkt. No. 1.)  He claims that the incident has given him nightmares and that he is afraid that Officer Hicks will call him those names again "or worse."  (*Id.*)  He further alleges that he cannot stand to look at Officer Hicks and that he tries to get away from Hicks.  His complaint seeks $100,000 in damages and asks that Hicks lose his job.  (*Id.* at 5.)

II.   DISCUSSION

"To state a claim under § 1983[,] a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017) (citation and internal quotation marks omitted).  Adams does not indicate what constitutional right he believes Officer Hicks violated, but regardless, he has failed to state facts giving rise to a constitutional violation.  Thus, his complaint fails to state a § 1983 claim.

Most notably, to the extent Adams's complaint is intended to assert a claim under the Eighth Amendment, an Eighth Amendment claim requires—at a minimum—either a "nontrivial" use of force, *Wilkins v. Gaddy*, 559 U.S. 34, 39 (2010), or a showing of prison conditions that demonstrate a "significant physical or emotional harm, or a grave risk of such harm," *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995).  There is no allegation of force here, trivial or otherwise.  Further, verbal harassment alone—even including the use of racial epithets—while abhorrent and unprofessional, does not violate the Eighth Amendment.  *Henslee v. Lewis*, 153 F. App'x 179, 179 (4th Cir. 2005) ("Mere threats or verbal abuse by prison officials, without more, do not state

a cognizable claim under § 1983."). *See also Morva v. Johnson*, No. 7:09-cv-00515, 2011 WL 3420650, at *7 (W.D. Va. Aug. 4, 2011) (collecting authority for the proposition that "[v]erbal harassment or idle threats to an inmate, even to an extent that it causes an inmate fear or emotional anxiety," do not give rise to a due process violation or an Eighth Amendment violation). Thus, Adams fails to state a constitutional violation, and any § 1983 claim must be dismissed. Because there is no legal basis for his claim, his § 1983 claim is frivolous and subject to dismissal on that ground, as well. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (explaining that a complaint is frivolous "where it lacks an arguable basis in either law or in fact").

To the extent that any of Adams's factual allegations can be interpreted as attempting to assert a state-law claim, the court declines to exercise jurisdiction over any such claim, given the dismissal of his federal claim. *See* 28 U.S.C. § 1367(c)(3).

### III.  CONCLUSION

For the foregoing reasons, the court will summarily dismiss Adams's complaint with prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), for failing to state a claim upon which relief may be granted and because it is frivolous. To the extent the complaint could be construed as asserting any state-law claim, the court dismisses any such claim without prejudice to Adams's ability to pursue it in state court.

An appropriate order will be entered.

Entered: December 4, 2020.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge